CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

12/6/2018

JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez

DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| STEPHANIE JO SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:18-cv-00111 |
| | ) | |
| UNITED STATES, | ) | By:  Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Pending before the court is the United States' motion to dismiss this case in its entirety.

As discussed in more detail below, the court concludes that it lacks jurisdiction over this action.

Thus, the court will grant the motion and dismiss the lawsuit without prejudice.

## I.  BACKGROUND

Plaintiff Stephanie Jo Smith, who is proceeding pro se, is an employee of the United

States Postal Service.  She filed suit in state court alleging that her supervisor, Gwendolyn R.

Hammer, was hostile and violent toward her on August 13, 2018, while they were both at work.

In particular, she filed a petition for protective order in which she alleged that her supervisor

"shoved up against my work case[,] shook her finger in my face, [and] told me to shut up/shut

my mouth."  (State Court Petition, Dkt. No. 9-1, at 3.)  Smith also filed a more detailed affidavit

in support of her petition.  (Dkt. No. 9-1, at 5.)  The general district court of Rockingham/

Harrisonburg issued a preliminary protective order until a hearing could be held on the matter.

(Dkt. No. 9-1, at 1–2.)  Before that hearing occurred, however, the United States removed the

action to this court.

The United States subsequently filed a motion to substitute the United States for

defendant Gwendolyn Hammer, providing a certification consistent with the Westfall Act,

stating that the incident giving rise to suit occurred within the scope of Hammer's employment

as a USPS supervisor.  (Dkt. No. 7); 28 U.S.C. § 2679.  The court granted that unopposed motion

and directed the clerk to restyle the case as *Smith v. United States*.  (Dkt. No. 10.)

## II.  DISCUSSION

In its supporting memorandum (Dkt. No. 9), the United States sets forth ample legal

authority discussing the well-established principles of sovereign immunity and derivative

jurisdiction, both of which lead the court to conclude that it lacks jurisdiction over this suit.

First of all, as the United States notes, the doctrine of derivative jurisdiction applies when

the United States removes a case, as here, under 28 U.S.C. § 1442.  *Bullock v. Napolitano*, 666

F.3d 281, 286 (4th Cir. 2012); *Palmer v. City Nat'l Bank of W. Va.*, 298 F.3d 236, 246 (4th Cir.

2007).  Under that doctrine, the federal court only acquires the jurisdiction possessed by the state

court prior to removal.  *Bullock*, 666 F.3d at 286.  Conversely, "[i]f the state court lacks

jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it

might in a like suit originally brought there have had jurisdiction."  *Id.*

The principle of sovereign immunity shields the federal government and its agencies

from suit, absent a waiver from the government.  *Welch v. United States*, 409 F.3d 646, 651 (4th

Cir. 2005).  The government has waived its sovereign immunity for claims, like Smith's,[1] under

the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, but that waiver is conditioned on a

plaintiff's first exhausting her administrative remedies.  Specifically, the FTCA requires a

claimant to present the claim to the appropriate administrative agency for determination prior to

---

[1]   The United States contends that Smith's action is a tort action that can only be brought under the FTCA, and Smith does not argue to the contrary.

commencing an action in court.  28 U.S.C. § 2675(a).  Until the administrative remedies have

been exhausted, a claimant may not file suit.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Before filing in court, then, Smith was required to present her claim by filing with the

United States Postal Service "an executed Standard Form 95 or other written notification of the

incident, accompanied by a claim for money damages in a sum certain for injury to or loss of

property, personal injury, or death."  28 C.F.R. § 14.2(a).   The United States asserts that Smith

failed to file any administrative claim with the USPS prior to seeking legal action against

Hammer.

Smith does not refute this assertion.  Instead, in her response to the motion to dismiss,

Smith merely reiterates the facts of her claim and the harms that she alleges have occurred.  She

does not address the arguments regarding exhaustion or jurisdiction.  Critically, she does not

even *allege* that she filed an administrative claim, let alone provide any proof that she has done

so.  (*See generally* Resp., Dkt. No. 14.)  The court thus concludes that Smith has failed to

exhaust her remedies that that her claim is premature.

Accordingly, this court does not have jurisdiction over Smith's claims.  *See McNeil*, 508

U.S. at 112; *see also Messino v. McBride*, 174 F. Supp. 2d 397, 399 (D. Md. 2001) (dismissing

FTCA claim for failure to exhaust administrative remedies, where plaintiff filed in state court

against federal employee, and the United States removed to federal court and was later

substituted as defendant); *Brittingham v. United States*, 972 F. Supp. 1014, 1018 (E.D. Va. 1997)

(dismissing claim initially brought in state court against federal supervisor for assault, after

substituting United States for defendant, because plaintiff failed to exhaust administrative

remedies).   Likewise, the state court lacked jurisdiction, and thus dismissal—rather than

remand—is the appropriate remedy.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("[A]

federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction . . . .").

## III. CONCLUSION

For the foregoing reasons, the court will grant the United States' motion to dismiss (Dkt. No. 8) and dismiss this case without prejudice. A separate order will be entered.

Entered: December 6, 2018.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge